1

2

**UNITED STATES DISTRICT COURT**

3

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

4

5

6

7

8

9

10

| | |
|---|---|
| **ISIDRO CORONA and FRANCISCO SAAVEDRA, on behalf of themselves and all other similarly situated individuals,** | **1:15-cv-01486 LJO SKO** |
| **Plaintiffs,** | **ORDER DENYING AS MOOT PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS'** |
| **v.** | **AFFIRMATIVE DEFENSES (Doc. 25), AND PERMITTING FILING OF AMENDED ANSWER** |
| **ATHWAL ALMONDS, INC.,** *et al.***,** | |
| **Defendants.** | |

11

12

### I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

13      Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this

14 Court is unable to devote inordinate time and resources to individual cases and matters. Given the

15 shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters

16 necessary to reach the decision in this order. The parties and counsel are encouraged to contact the

17 offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate

18 the parties and this action. The parties are required to reconsider consent to conduct all further

19 proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to

20 parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil

21 cases.

22      Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension

23 mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill

24 is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and

25 without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

1

1  visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a

2  U.S. District Judge from inside or outside the Eastern District of California.

3  ## II. BACKGROUND OF THE CASE

4  Plaintiffs Isidro Corona and Francisco Saavedra ("Plaintiffs") seek recovery for wages and

5  compensation from their former employer, Defendant Athwal Almonds, Inc. ("Athwal"), on the basis

6  that Athwal failed to comply with state and federal labor laws. Plaintiffs filed this class action lawsuit on

7  September 30, 2015. Class Action Compl. ("Compl."), Doc. 1. They allege eleven causes of action: (1)

8  violation of the Agricultural Workers Protection Act, 29 U.S.C. §§ 1801-54, (2) failure to pay California

9  minimum wage, (3) failure to pay overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

10  207, (4) failure to pay overtime under California law, (5) failure to provide meal periods, or (6) rest

11  periods, (7) failure to pay wages due at termination, (8) failure to provide itemized wage statements, and

12  (9) failure to reimburse employees for business expenditures. Plaintiffs also seek to recover under

13  California' Unfair Competition Law (10) and its Private Attorney General Act ("PAGA") (11).

14  After stipulating to an extension of time, Defendants filed an answer on February 16, 2016.

15  Answer to Class Action Compl. ("Answer"), Doc. 17. On March 8, 2016, Plaintiffs moved to strike

16  Defendants' ninth, fifteenth, sixteenth, seventeenth, twenty-fourth, twenty-fifth, and twenty-sixth

17  affirmative defenses pursuant to Rule 12(f). Mem. of P. & A. in Supp. of Pls.' Mot. to Strike ("MTS"),

18  Doc. 25. On March 25, 2016, Defendants filed an amended answer. First Am. Answer to Class Action

19  Compl. ("FAA"), Doc. 29. No further briefing was filed with respect to this matter and the Court

20  vacated the hearing set for the motion on April 1, 2016. Doc. 31.

21  ## III. ANALYSIS

22  The Federal Rules of Civil Procedure allow parties to amend their pleadings as a matter of right

23  within 21 days of service. Fed. R. Civ. P. 15 (a)(1)(A). "In all other cases, a party may amend its

24  pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15 (a)(2).

25  Here, Defendants filed their amended answer 38 days after they filed (and electronically served) their

2

original answer. Defendants did not provide this Court with evidence that it received Plaintiffs' consent to do so. Nor did they request leave to file an amended answer. Thus, the filing was untimely. After reviewing the original and amended answers, however, it appears that the FAA is responsive to Plaintiffs' MTS in that the challenged defenses have been removed. Notably, Plaintiffs do not ask the Court to strike the FAA. Thus, in the interest of party and judicial economy the Court will construe Defendants' filing as a request for leave to amend the answer, and grant this request. Since the FAA does not include the affirmative defenses that were the subject of Plaintiffs' MTS, that motion is DENIED AS MOOT.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, the Court DENIES AS MOOT Plaintiffs' motion to strike, Doc. 22, because the issues presented in that motion are moot. Construing Defendants' filing as a request for leave to file an amended answer, that motion is GRANTED and the FAA shall be deemed the operative answer in this case.

IT IS SO ORDERED.

Dated:     **April 4, 2016**                          **/s/ Lawrence J. O'Neill**
                                                          UNITED STATES DISTRICT JUDGE